

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 16 2024

ARTHUR JOHNSTON
BY _____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSPPI
### NORTHERN DIVISION

NORTH POINT RX, LLC,

                Petitioner,

vs.

KEY THERAPEUTICS, LLC, a/k/a KEY
THERAPEUTICS, INC.,

                Respondent.

Civil Action No. __3:24mc554-KHJ-MTP__

### PETITION TO CONFIRM ARBITRATION AWARD

North Point RX, LLC ("North Point") respectfully petitions this Court to confirm a Modified Final Order from an arbitration held with the International Chamber of Commerce – International Court of Arbitration (the "ICC") that awarded relief in favor of North Point and against Respondent Key Therapeutics, LLC, a/k/a Key Therapeutics, Inc. ("Key"). A true and correct copy of the Modified Final Order is attached hereto as Exhibit A, Modified Final Order, pursuant to 9 U.S.C. § 13.[1] In support of the Petition, North Point states as follows:

### PARTIES

1.      North Point is a Delaware limited liability company with its principal place of business in Cheyenne, Wyoming. All members of North Point are citizens of Florida.

2.      Key is a Mississippi limited liability company with its principal place of business in Flowood, Mississippi. Upon information and belief, all members of Key are citizens of Mississippi.

---

[1] North Point is providing a lightly redacted version of the Modified Final Order to protect the public disclosure of sensitive business information. The redactions are not germane either to determining the validity of this Court's jurisdiction or to whether confirmation of the arbitral award is appropriate. At this Court's direction or request, North Point will gladly provide an unredacted version of the Modified Final Order for this Court's *in camera* review or otherwise file a motion to seal pursuant to Local Rule 79(b) and (e).

EXHIBIT
Y

## JURISDICTION AND VENUE

3.      This Petition is made pursuant to an undisputed contractual arbitration provision included in the parties' Commercialization Agreement, signed July 8, 2022.   Section 15.6.2 ("Dispute Resolution") of the Commercialization Agreement states:

> All disputed, controversies or claims arising out or relating to this Agreement (including its interpretation and its enforcement) . . . shall be resolved by binding arbitration under the Rules of Arbitration of the International Chamber of Commerce (the "ICC Rules"), except to the extent of conflicts between the ICC Rules and the provisions of this Agreement, in which event the provisions of this Agreement shall prevail. The following provisions shall apply to an arbitration commended pursuant to this clause:
>
> . . .
>
> (d) All awards issued by the arbitral tribunal shall be final, non-appealable and binding on the Parties. Any award may be filed in any court of competent jurisdiction and may be enforced by a Party as a final judgment in such court. The Parties expressly waive, to the maximum extent permitted by law, any right of appeal of any award.[2]

4.      As this Court has previously stated:   "[a]rbitration agreements are 'valid, irrevocable, and enforceable' where there is '[a] written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract.'"   *10,052, LLC v. Martin*, 2023 WL 4189662, at *3 (S.D. Miss. June 26, 2023) (quoting 9 U.S.C. § 2).

---

[2] The Commercialization Agreement contains a confidentiality clause.  As such, North Point has not attached a copy of the Agreement but has only quoted that portion of the Agreement requiring the parties to submit their dispute to arbitration and permitting a court to enter final judgment. The remaining provisions of the Agreement are not germane to whether confirmation is appropriate as the Arbitrator aptly described the basis for relief.  Furthermore, the Agreement contains a "no publicity" clause that prohibits the public dissemination of the Agreement.  Upon the Court's direction or request, North Point will gladly provide an unredacted version of the Commercialization Agreement for this Court's *in camera* review or otherwise file a motion to seal pursuant to Local Rule 79(b) and (e).

5. This Court has personal jurisdiction over Key because Key is a Mississippi limited liability company and maintains its principal place of business in Mississippi, and in particular, this district. Upon information and belief, all members of Key are citizens of Mississippi.

6. The amount in controversy exceeds $75,000.

7. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

8. As such, pursuant to section 9 of the Federal Arbitration Act and because the parties in the Agreement have agreed that a court of competent jurisdiction can enter judgment upon the award entered by the arbitrator, and because this Court has jurisdiction over Key, this Court can enter an order confirming the award. *See* 9 U.S.C. § 9.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

10. On October 18, 2023, Philip Allen Lacovara (the "Arbitrator") entered the Modified Final Order in an arbitration commenced in the ICC by North Point against Key. *See* Exhibit A, Modified Final Order.

11. North Point commenced the Arbitration to compel contractually required actions by Key as part of the commercial wind down process established by the Agreement. *See* Exhibit B, Declaration, at ¶¶ 4-15 ("Declaration").

12. The Arbitrator was appointed by the ICC pursuant to the ICC's rules and consistent with the Agreement.

13. On October 2, 2023, the Arbitrator entered a Final Order. *See* Exhibit C, Final Order. However, after the Arbitrator entered a Final Order, North Point asked the Arbitrator to modify the Final Order because of additional harmful conduct by Key that caused additional

3

damages to North Point as well as exacerbate the on-going harm to North Point for Key's failure to comply.  *See* Exhibit A at ¶¶ 8-20.

14.    After the Arbitrator issued his Final Order, North Point provided evidence to the Arbitrator that Key improperly blocked North Point's access to a bank account the parties established ("Bank Account") pursuant to the Agreement along with evidence that Key had drained the Bank Account of almost all of the revenue generated from the sale of the pharmaceutical products owned by North Point.  *See* Exhibit B, Declaration, at ¶¶ 10-16.

15.    Thus, because of Key's harmful conduct after the Arbitrator issued his Final Order, and based on Key's failure to comply with the Final Order, North Point asked the Arbitrator to modify the Final Order.

16.    The Arbitrator agreed, and following the submission of evidence and briefing, the Arbitrator entered the Modified Final Order because of Key's failure to comply with the initial Final Order. *See* Exhibit A.

17.    The Arbitrator issued the Modified Final Order on October 18, 2023 awarding specific relief to North Point, and ordered Key to:

    a.    deposit in the bank account ("**Bank Account**") opened and maintained in accordance with Section 3 of Schedule A to the Agreement ("**Section 3**") the sum of $500,000 (five hundred thousand dollars) within five business days following the date of notification of this Modified Final Order;

    b.    comply with the requirements in Section 3 that all "Gross Sales" as defined in the Agreement are deposited in the Bank Account;

    c.    not make any disbursements from, or otherwise encumber, the Bank Account, except (i) to pay "Commercialization Expenses" as defined in Section 3, or (ii) as

otherwise approved in writing by North Point, which approval shall not be unreasonably withheld; and,

d. restore North Point's access to view transactions occurring with the Bank Account and is **Ordered** to restore North Point's visibility to the Bank Account.[3]

*See* Exhibit A, Modified Final Order, pages 8-9 at ¶ 42.

18.    Based on bank records and Gross Sales records provided by Key to North Point, the total amount of the Gross Sales that Key must deposit back into the Bank Account, in order to comply with the Modified Final Order, is $2,339,602.88. *See* Exhibit B, Declaration, at ¶ 16.

**MOTION TO CONFIRM ARBITRATION AWARD AND ENTER FINAL JUDGMENT**

19.    The FAA is applicable to all "commerce among the several states." 9 U.S.C. § 1(2). The Commercialization Agreement is between citizens of different states. Accordingly, the Commercialization Agreement reflects commerce among the several states and the FAA governs this action.

20.    The FAA states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an

---

[3] The Modified Final Order also ordered Key to sign certain documents for submission to the Food & Drug Administration. North Point is not seeking confirmation of that portion of the Final Order because Key performed.

5

action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.

21.    This case meets all of the requirements for confirmation of the award. The Agreement allows for a court of competent jurisdiction to enter judgment, this Court has jurisdiction over Key, the petition is filed within one year after the award was made, and there is no basis to vacate, modify or correct the Modified Final Order.

22.    Key has not complied with any of the required items ordered by the Arbitrator except for subsection (e), and even then Key was in violation of the Modified Final Order because its compliance was extremely untimely. As such, North Point has no choice but to seek confirmation of the Modified Final Order.

**RELIEF**

23.    North Point requests that this Court issue an order pursuant to 9 U.S.C. § 9 confirming the Modified Final Order.

24.    North Point further requests that, pursuant to 9 U.S.C. § 13 and Federal Rules of Civil Procedure 54 and 58, this Court enter judgment, in the form of a Proposed Judgment to be provided to chambers, that Key:

   a. deposit in the bank account ("**Bank Account**") opened and maintained in accordance with Section 3 of Schedule A to the Agreement ("**Section 3**") the sum of $500,000 (five hundred thousand dollars) within five business days following the date of notification of this Modified Final Order;

   b. comply with the requirements in Section 3 that all "Gross Sales" as defined in the Agreement are deposited in the Bank Account;

6

    c.  not make any disbursements from, or otherwise encumber, the Bank Account, except (i) to pay "Commercialization Expenses" as defined in Section 3, or (ii) as otherwise approved in writing by North Point, which approval shall not be unreasonably withheld; and,

    d.  restore North Point's access to view transactions occurring with the Bank Account and to restore North Point's visibility to the Bank Account.

25. As stated above, the amount Key must deposit, into the Bank Account in order to comply with the Modified Final Order is $2,339,602.88.

26. North Point further requests that the Court enter such other and further relief as it deems just and proper.

Date: September 16, 2024

Respectfully submitted,

C. Mitchell McGuffey (MS Bar No. 104986)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Telephone: (601) 960-8600
Email: mitch.mcguffey@formanwatkins.com

*Counsel for Petitioner North Point RX, LLC*

8

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading was filed conventionally with the Clerk of Court and that a copy has been sent electronically to counsel for Respondent on the 17th day of September, 2024.

_____
C. Mitchell McGuffey